UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. ADAMS and SHEILA K. ADAMS,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | No. 2:13-cv-00256-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Plaintiffs, Christopher D. Adams and Sheila K. Adams, brought this action in state court seeking redress for several statutory and common law violations arising from the origination of their residential mortgage loan. Both Plaintiffs are California citizens. (See ECF No. 14-2 at 5.) On February 1, 2013, Plaintiffs filed their operative First Amended Complaint ("FAC"). (ECF No. 14-2 at 4-17.) On February 8, 2013, Defendants U.S. Bank, N.A. ("U.S. Bank"),[1] and Wells Fargo Bank, N.A. ("Wells Fargo") removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) Presently before the Court are: (1) Defendants' Motion to Dismiss Plaintiffs' FAC for failure to state a claim (ECF No. 5); and (2) Plaintiffs' Motion to Remand (ECF No. 14.)

///

---

[1] On February 27, 2013, Plaintiffs voluntarily dismissed, without prejudice, Defendant U.S. Bank, N.A., from this action. (ECF No. 9.)

For the reasons stated below, the Court GRANTS Plaintiffs' motion to remand and DENIES as moot Defendants' motion to dismiss.[2]

## STANDARD APPLICABLE TO REMOVAL AND REMAND

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a). Generally, district courts have original jurisdiction over civil actions in two instances: (1) where a federal question is presented in an action arising under the Constitution, federal law, or treaty; or (2) where there is complete diversity between the parties. 28 U.S.C. §§ 1331, 1332.  Removal based on the court's diversity jurisdiction is proper when the amount in controversy exceeds $75,000, and where the matter is between the citizens of different states.  28 U.S.C. § 1332(a).  Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a citizen of a different state from each defendant.  Id.; Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).

The removing party bears the burden of establishing federal jurisdiction. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988).  The removal statute is strictly construed against removal jurisdiction, and the court must resolve any doubt in favor of remand.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## ANALYSIS

Plaintiffs argue that this Court does not have subject-matter jurisdiction over this action because no complete diversity exists between the parties.  (ECF No. 14-1 at 7-9.)
///
///

---

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. R. 230(g).

More specifically, Plaintiffs contend that Defendant Wells Fargo is a citizen not only of South Dakota, where Wells Fargo's main office if located, but also of California, where its principal place of business is located.  (Id.)  Wells Fargo does not dispute that its principal place of business is in California.  However, Wells Fargo argues that, pursuant to 28 U.S.C. § 1348 and the Supreme Court's decision in Wachovia Bank v. Schmidt, 546 U.S. 303 (2006), it is a citizen of only South Dakota.  (ECF No. 15 at 7-15.)

For purposes of determining diversity, national banking associations, such as Wells Fargo, are "citizens of the States in which they are respectively located." 28 U.S.C. § 1348.  The Ninth Circuit, interpreting the predecessor statute to 28 U.S.C. § 1348,[3] concluded that a national bank is located in the State where it maintains its "principal place of business."  American Surety Co. v. Bank of Cal., 133 F.2d 160, 162 (9th Cir. 1943.)

In Schmidt, the Supreme Court considered whether, for Section 1348 diversity purposes, national banks were citizens of every state in which they had a branch, or had a more limited citizenship.  546 U.S. at 306.  The Supreme Court held that a national banking association is not "located" in every state where it maintains a branch, but rather in the state where the bank has its "main office."  546 U.S. at 307.  The Court, however, did not address whether, for purposes of Section 1348, a national bank can also be "located" in the state of the bank's principal place of business.  After Schmidt, district courts in the Ninth Circuit have split on whether the "principal place of business" test remains viable for determining a national bank's citizenship.

///

---

[3] The predecessor statute provided:

> And all national banking associations under the laws of the state of the United States shall, for the purpose of all other actions by or against them, real, personal, or mixed, and all suit in equity, be deemed citizens of the States in which they are respectively located.

Act of March 3, 1911, Pub. L. No. 475 (ch. 231, § 24, ¶ 16), 36 Stat. 1091–93 (formerly codified at 28 U.S.C. § 41(16)); see also Schmidt, 546 U.S. at 311 & nn. 5 & 6 (2006).  The current statute is almost identical, except that the words "real, personal, or mixed, and all suits in equity" are omitted.  28 U.S.C. § 1348.

1  Some federal courts have interpreted <u>Schmidt</u> to mean that a national banking
2  association is a citizen of only the state in which it has its main office.  <u>See</u>, <u>e.g.</u>, <u>Ngoc</u>
3  <u>Nguyen v. Wells Fargo Bank, N.A.</u>, 749 F. Supp. 2d 1022, 1027-28 (N.D. Cal. Oct. 27,
4  2010); <u>DeLeon v. Wells Fargo Bank, N.A.</u>, 729 F. Supp. 2d 1119, 1123-24 (N.D. Cal.
5  Jun. 9, 2010); <u>Mireles v. Wells Fargo Bank, N.A.</u>, 845 F. Supp. 2d 1034, 1059-61 (C.D.
6  Cal. 2012); <u>Silva v. Wells Fargo Bank NA</u>, 2011 WL 2437514, at *2 (C.D. Cal. Jun. 16,
7  2011).  Other courts, however, have held that, after <u>Schmidt</u>, a national bank is "located"
8  both where it maintains its main office and where it has its principal place of business.
9  <u>See</u>, <u>e.g.</u>, <u>Taheny v. Wells Fargo Bank, N.A.</u>, 878 F. Supp. 2d 1093, 1109 (E.D. Cal.
10  2012); <u>Guinto v. Wells Fargo Bank</u>, 2011 WL 4738519, at *3 (E.D. Cal. Oct. 5, 2011);
11  <u>Mount v. Wells Fargo Bank, N.A.</u>, 2008 WL 5046286, at *2 (C.D. Cal. Nov. 24, 2008);
12  <u>Saberi v. Wells Fargo Home Mortg.</u>, 2011 WL 197860, at *3 (S.D. Cal. Jan. 20, 2011).
13      After careful consideration of the parties' arguments and the relevant legal
14  authority, the Court agrees with the analysis set forth in <u>Taheny v. Wells Fargo Bank,</u>
15  <u>N.A.</u>, which concluded that the Ninth Circuit's holding in <u>American Surety</u> remains
16  binding on the district courts within this circuit.  878 F. Supp. 2d at 1097-1109 (E.D. Cal.
17  2012).  The court in <u>Taheny</u> held that, under the authority of <u>American Surety</u>, Wells
18  Fargo is a citizen of California based on the "principal place of business" test, and,
19  pursuant to <u>Schmidt</u>, is also a citizen of South Dakota based on the location of its main
20  office.  <u>Id.</u>  For the reasons expressed in the <u>Taheny</u> opinion, this Court concludes that
21  Wells Fargo is a citizen of both California and South Dakota.
22      Because Plaintiffs and Defendant Wells Fargo are both citizens of California, the
23  Court does not have diversity jurisdiction over this action.  Accordingly, the Court must
24  remand this case to state court.  <u>See</u> 28 U.S.C. § 1447(c).  In light of this ruling, the
25  Court denies Defendants' motion to dismiss as moot.
26  ///
27  ///
28  ///

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion to Remand (ECF No. 14) is GRANTED. The case is remanded to the Superior Court of California, County of Sacramento. Defendants' Motion to Dismiss (ECF No. 5) is DENIED as moot.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATE: May 3, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT